UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| North American Science Associates, LLC, *an Ohio limited liability company also known as NAMSA*, and NAMSA Holdco, LLC, *a Delaware limited liability company*, | Case No. 24-cv-287 (JWB/ECW) |
| Plaintiffs, | |
| v. | **ORDER** |
| Michael Conforti, Pamela Conforti, and Phoenix Preclinical Labs, LLC, *a Minnesota limited liability company*, | |
| Defendants. | |

This matter is before the Court on Plaintiffs' Motion to Seal Portions of the Transcript of the July 25, 2024 Hearing (Dkt. 340) ("Motion"). Plaintiffs seek sealing of lines 20:11-14, 25:19-26:4, and 40:25-41:3 of the July 25, 2024 hearing transcript filed at Docket Entry 328, which is a transcript of the July 25, 2024 public hearing before United States District Judge Jerry W. Blackwell (Dkt. 328) on Plaintiffs' Amended Motion for Preliminary Injunction (Dkt. 160).

Plaintiffs argue that the requested sealing is appropriate as follows:

> The Court should seal limited portions of the Transcript, as specified below, because they (a) quote specific statements from a document that NAMSA has designated as "Attorneys' Eyes Only" under the Protective Order, and (b) reveal the name of a NAMSA client that NAMSA keeps confidential.
>
> - Lines 20:11–14 starting at "The," ending at the end of the sentence;

- Lines 25:19–26:4 starting at "Please," ending at "plan;" and
- Lines 40:25–41:3 starting at "called," ending at the end of the sentence.

(Dkt. 342 at 2-3.) In addition, Plaintiffs generally assert that the portions of the transcript at issue contain confidential information. (*See id.* at 3-4.)

## I.     LEGAL STANDARD

American courts "recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). As the Eighth Circuit has held:

> There is a common-law right of access to judicial records. . . . This right of access bolsters public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings, and "to keep a watchful eye on the workings of public agencies." It also provides a measure of accountability to the public at large, which pays for the courts.

*IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013) (citations omitted).

"This right of access is not absolute, but requires a weighing of competing interests." *Webster Groves Sch. Dist. v. Pulitzer Pub. Co.*, 898 F.2d 1371, 1376 (8th Cir. 1990). The Eighth Circuit has identified the following interests that must be addressed in deciding whether to seal a judicial record:

> Where the common-law right of access is implicated, the court must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed. The decision as to access is one best left to the sound discretion of the trial court in light of the relevant facts and circumstances of the particular case.

*IDT*, 709 F.3d at 1223 (cleaned up). That said, "[a]lthough the court is given . . . supervisory power [over its records], **'only the most compelling reasons can justify**

2

**non-disclosure of judicial records**.'" *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006) (emphasis added) (quoting *In re Gitto Global Corp.*, 422 F.3d 1, 6 (1st Cir. 2005)).

"[A]ll documents properly filed by a litigant seeking a judicial decision are judicial records and are entitled to a presumption of public access." *Marden's Ark, Inc. v. UnitedHealth Grp., Inc.*, 534 F. Supp. 3d 1038, 1044 (D. Minn. 2021). "Modern cases on the common-law right of access say that 'the weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and resulting value of such information to those monitoring the federal courts.'" *IDT*, 709 F.3d at 1224 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)) (citations omitted). When a document plays only a negligible role in a court's exercise of its Article III duties, such as a complaint that has not been adjudicated, the public's interest in access to the document is weaker and "the weight of the presumption is low and amounts to little more than a prediction of public access absent a countervailing reason." *Id.* (quoting *Amodeo*, 71 F.3d at 1050).

## II.   ANALYSIS

The Court first addresses the strength of the presumption of public access as to the identified portions of the transcript. While the Eighth Circuit has not been explicit about what weight to give the presumption as it relates to documents filed in conjunction with motions for injunctive relief, courts have held that because a motion for injunctive relief deals with the merits of the case, documents filed with the Court, in support of and in opposition to the motion's adjudication, are subject to a strong presumption of public

access. *See*, *e.g.*, *Grant v. Lamont*, No. 3:22-CV-01223 (JBA), 2023 WL 6958763, at *4 (D. Conn. Oct. 20, 2023) (collecting cases).

Here, the presumption of public access is even stronger than it would be for briefs and exhibits only filed with respect to a motion for a preliminary injunction, as not only does the hearing transcript reflect information filed by the parties for the Court's consideration when deciding the motion, it also reflects Judge Blackwell's thoughts and inquires related to the merits of the claims. *See ARP Wave, LLC v. Salpeter*, No. 18-CV-2046 (PJS/ECW), 2021 WL 406466, at *2 (D. Minn. Feb. 5, 2021). "Such information is central to the exercise of Article III judicial power, and restricting this information would hinder the public's ability to evaluate the reasonableness and fairness of judicial proceedings and the merits of the Court's ruling" on the motion for preliminary injunction. *Id.* As such, the Court finds that the transcript of the hearing on the amended motion for preliminary injunction is a judicial record to which a heightened presumption of public access attaches.

A.      **Protocol for Handling and Documenting Controlled Substances**

As set forth above, Plaintiffs seek continued sealing as to the following portions of the hearing transcript:

- Lines 20:11–14 starting at "The," ending at the end of the sentence; and

- Lines 25:19–26:4 starting at "Please," ending at "plan."

Plaintiffs argue that these portions of the transcript involve counsel for Dr. Conforti reading into the record substantial portions of a document discussing Plaintiff

4

North American Science Associates, LLC's ("NAMSA") protocol for handling and documenting controlled substances. (Dkt. 342 at 3 (citing Dkt. 176 ¶ 71; Dkt. 176-18; Dkt. 333 at 20).) According to Plaintiffs, this is information that NAMSA has always treated as confidential; is information that Plaintiffs have designated as "Attorneys' Eyes Only" under the Protective Order; and Plaintiffs filed the document containing the information under seal. (Dkt. 342 at 3 (citing Dkt. 176 ¶ 71; Dkt. 176-18; Dkt. 333 at 20).)

Plaintiffs assert that Dr. Conforti's counsel did not notify them of his intent to quote the document during the hearing as required by the Protective Order, depriving Plaintiffs of their opportunity to object to the document's use before the hearing. (Dkt. 342 at 3.) The Court rejects this argument, as Plaintiffs filed the email, albeit under seal, as an exhibit in support of their Amended Motion for Preliminary Injunction. (Dkt. 176-18.) Given that it was Plaintiffs who placed the email at issue as part of their amended motion for preliminary injunction, Plaintiffs' argument that they would need notice that an email **they** filed in support of their motion might be discussed and even read aloud during the hearing on that motion is unpersuasive. Moreover, Dr. Conforti's counsel first read the email into the record after the following chain of events: Judge Blackwell asked why Defendants took the position that the email was not substantive and did not relate to competitive activity and then quoted part of Plaintiffs' brief arguing that the email contained confidential information about NAMSA's handling and documenting of controlled substances, following which Plaintiffs stated their position as to why that information was confidential, Judge Blackwell stated that he would hear from counsel for

5

Dr. Conforti on the issue, and Dr. Conforti's counsel then responded to Plaintiffs' position (including reading part of the email into the record). (Dkt. 328 at 17:21-20:18.) Judge Blackwell then asked additional questions about Dr. Conforti's motivation for sending the email and whether the email contained proprietary information, resulting in Dr. Conforti's counsel reading an additional portion of the email into the record. (*Id.* at 20:19-21:11, 25:6-26:4.) Based on these facts, the Court finds that Dr. Conforti's counsel did not violate the Protective Order when he read portions of the email into the record during the hearing.

More importantly, as argued by Defendants (Dkt. 345 at 5-6), Plaintiffs did not object either time when the email was read into open court, nor does the record reflect any request at any time by Plaintiffs that any portion of the hearing be sealed.[1] An exhibit which has been publicly disclosed in open court does not retain its confidentiality. *See Brogdon v. Ford Motor Co.*, No. 4:23-CV-88 (CDL), 2024 WL 84192, at *2 (M.D. Ga. Jan. 8, 2024); *see also EchoSpan, Inc. v. Medallia, Inc.*, No. 22-CV-01732-NC, 2024 WL 944301, at *2 (N.D. Cal. Jan. 5, 2024) ("Though the parties also cite to protection of financial information (e.g., Exs. 23, 24), competitive advantage (e.g., Exs. 35, 36), and even corporate security (Ex. 81), those reasons carry far less weight when that information has already been offered in court."); *Abiomed, Inc. v. Maquet Cardiovascular LLC*, Civil Action No. 16-10914-FDS, 2021 WL 5165010, at *2 (D.

---

[1] In contrast, Plaintiffs' counsel immediately objected when it appeared that one of Defendants' lawyers might reveal settlement negotiations in response to one of the undersigned's questions during an informal dispute resolution hearing. (*See* Dkt. 388 at 32:16-22.)

Mass. Nov. 5, 2021) (discussing cases finding a waiver of confidentiality by disclosing the material in open court); *In re Bard IVC Filters Prod. Liab. Litig.*, No. 16-CV-00474-PHX-DGC, 2018 WL 3721373, at *2 (D. Ariz. Aug. 3, 2018) ("[T]o the extent an exhibit was not merely admitted into evidence but also was published or discussed in open court, the exhibit is no longer confidential and [parties] have waived the right to have the exhibit sealed.").

Based on the heightened presumption of public access to court proceedings attached to a motion addressing the merits of the case and the disclosure of the contents of the email at issue with no objection by Plaintiffs during the public hearing, the Court denies the Motion insofar as it seeks sealing of lines 20:11-14 and 25:19-26:4 of the hearing transcript at Docket Entry 328.[2]

---

[2] The Court notes that the mere fact that the oral argument resulted in the disclosure of information designated "Attorneys' Eyes Only" for purposes of discovery under the operative Protective Order (Dkt. 111) does not automatically mean that the information should be sealed when it is considered by the Court as part of its adjudication of a motion. *See generally*, Local Rule 5.6 *advisory committee's note* ("Even if such information is covered by a protective order, that information should not be kept under seal unless a judge determines that a party or nonparty's need for confidentiality outweighs the public's right of access."). Further, NAMSA has not explained how or why an email containing information regarding NAMSA's protocol for handling and documenting controlled substances constitutes confidential or proprietary information given Plaintiffs' statement during the hearing that such handling is "a **highly regulated** part of their business." (Dkt. 328 at 19:11 (emphasis added).) In other words, if the requirements at issue are set forth by law, then it seems more difficult to argue that how an entity complies with the law is confidential or proprietary information. However, the Court need not resolve this question as it is not necessary to decide this Motion.

B.  **Identity of NAMSA's Client**

Plaintiffs also seek sealing of lines 40:25-41:3 of the transcript, which Plaintiffs assert contains a statement by Dr. Conforti's counsel identifying a NAMSA client. (Dkt. 342 at 4.) NAMSA argues that this portion of the transcript qualifies for sealing because it reveals NAMSA's confidential information, the disclosure of which would cause NAMSA significant reputational and competitive harm. (*Id.*) Having reviewed the transcript, the Court concludes that while the client's name was disclosed during a hearing on the amended motion for preliminary injunction, the context—describing the importance of Dr. Conforti's work while at NAMSA—has little to no relevance to the merits of the issues in this case. The Court therefore grants the Motion insofar as Plaintiffs seek sealing of lines 40:25-41:3 starting at "called" and ending at the end of the sentence.

### III.  ORDER

Based on the motion and the documents filed under seal, as well as all the files, records and proceedings herein, **IT IS ORDERED THAT**:

1. Plaintiffs' Motion to Seal Portions of the Transcript of the July 25, 2024 Hearing (Dkt. 340) is **GRANTED IN PART** and **DENIED IN PART**;

2. Docket Entry 328 shall remain **SEALED**; and

3. Unless a timely objection to this Order is filed, the parties must make a request within fifteen days of the date of this Order to the court reporter

who issued the transcript at Docket Entry 328 to issue a publicly available redacted version of Docket Entry 328 that is consistent with this Order.

DATED: March 4, 2025                              *s/Elizabeth Cowan Wright*
                                                  ELIZABETH COWAN WRIGHT
                                                  United States Magistrate Judge

9